Kennedy and another v. Oakey.

Joseph M. Kennedy and another *v.* Samuel W. Oakey.

A party entitled to the compensation due to the owners of the contiguous lots, from a proprietor of the intermediate ground, who has made use of their walls, may cumulate in one action the debts due for the use of the walls of both owners.

Appeal from the Parish Court of New Orleans, *Maurian*, J.

This case was submitted, without argument, by *Roselius,* for the plaintiffs, and T. *Slidell,* for the appellant.

Martin, J. The petition states, that the plaintiffs are owners of two lots of ground, between which that of the defendant is situated. That the latter, in improving his lot, has made use of the walls of two buildings erected on the respective lots of the petitioners by Sidle and Stewart, under contracts with the petitioners respectively, by which Sidle and Stewart stipulated, and the petitioners respectively promised, that Sidle and Stewart should have the benefit of, and receive whatever sum of money the defendant should become liable to pay, in case, in improving his lot, he should make use of the walls of the buildings so erected on the respective lots of the petitioners. That the defendant has since, in improving his lot, made use of the walls of the buildings so erected, and has become liable to pay for the use of the walls the sum of two thousand five hundred dollars, which the petitioners claim for the use and benefit of Sidle and Stewart.

To this petition the defendant excepted, on the grounds : that it contained two distinct causes of action, absolutely unconnected, which could not be cumulated ; that the petitioners can not sue for the use of Sidle and Stewart ; and, lastly, that the petition is insufficient, as it does not state the separate and distinct amount of each of the claims, and in not detailing the materials and labor constituting such claims. The exception was overruled. The defendant pleaded the general issue, and prayed for a trial by jury. There was a verdict and judgment for $1587 81 against him, and he has appealed.

Our attention has been arrested by three bills of exception. The first is to the appointment of experts, which was opposed on the ground that the present is not one of those cases in which the Code makes provision for the appointment of experts, and that

such an appointment does not take place in cases to be tried by jury. The second is to the trial of the case by the jury, before the experts had made their report. The third bill is to the admission of parol proof of the title of the plaintiffs to their respective lots.

The defendant had refused to appoint an expert, and those appointed by the plaintiffs and the court had been summoned by the plaintiffs, and were in attendance as witnesses. If, as the defendant contended in his first bill, the case was not one in which experts ought to be appointed, he cannot complain of the trial having proceeded without their report. The petitioners appear to have acceded to the wishes of the defendant, by offering the persons who were named as experts, as witnesses in the case. No parol evidence appears to have been admitted of the titles of the petitioners to their respective lots, except perhaps the reference made to the defendant's lot, as lying between those of the petitioners. Their contracts with Sidle and Stewart, one of which is an authentic one, were admitted in evidence without objection. If the plaintiffs were in possession of their respective lots as lessees, or otherwise than as owners, and of the buildings erected thereon, they were entitled to the advantages resulting from the use of the party walls by the defendant, and might transmit that advantage or benefit to the person they employed to build. It does not appear to us that the defendant is entitled to relief on either of these bills.

Sidle and Stewart are the real plaintiffs in the present case. The nominal ones are their assignors only; and the former might cumulate their two claims in the same manner as they might have cumulated claims on two promissory notes, endorsed to them by different payees. This mode of proceeding avoids a multiplicity of actions, and saves costs.

The Parish Court correctly overruled the exception to the petition.

On the merits, we see no objection to the verdict of the jury, or to the judgment of the court.

*Judgment affirmed.*